UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ROBERT RICHARDSON, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216.

Plaintiffs,

Vs.

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBAL &
LAURA PORTER
_____/

**FAIR LABOR STANDARDS ACT COMPLAINT**

Plaintiff ROBERT RICHARDSON ("RICHARDSON"), on behalf of himself, individually, and all those similarly situated, sues defendants, FLORIDA DRAWBRIDGES INC., d/b/a FDI SERVICES ("FDI"), ERIC OBAL ("OBAL"), & LAURA PORTER (PORTER) (Collectively, "FDI", "OBAL" & "PORTER" are "Defendants"), for damages due to Defendants' violation of the Fair Labor Standards Act (FLSA), and aver as follows:

PARTIES, JURISDICTION AND VENUE

1. ROBERT RICHARDSON is sui juris and lives in Martin County Florida within the SDFL.

2. ERIC OBAL is sui juris, and upon information and belief lives in the SDFL.

3. LAURA PORTER is sui juris, and upon information and belief lives in the SDFL.

4. FLORIDA DRAWBRIDGES INC., d/b/a FDI Services is headquartered in Pompano Beach Florida, within the SDFL.

5. The employment at issue is in Northern Palm Beach County.

1

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this action arises under 29 U.S.C. § 207 and 215, the Fair Labor Standards Act ("FLSA").

7. Venue is appropriate in this district because: (1) a substantial part of the events or omissions giving rise to the claim occurred in the SDFL; and (2) one or more of the Defendants regularly conducts business in the SDFL.

## GENERAL ALLEGATIONS

8. Plaintiff, RICHARDSON, began working for FDI on October 29, 2019, and continues to work for FDI, as a bridge mechanic.

9. During the time from October 29, 2019, to present (the "Collective Action Time Period") RICHARDSON and those similarly situated employees, current and former, worked as bridge mechanics for FDI.

10. Plaintiff brings this action as a collective action against FDI, for unpaid overtime wages, owed to Plaintiff and all other similarly situated employees, current and former, of Defendants' who worked for the Defendants, at any time during the three-year period, before the filing of this Complaint, through the present (the "FLSA Collective Members"). The FLSA Collective Members should be informed of the pendency of this action.

11. While working for FDI, the FLSA Collective Members were employees, as §209 U.S.C. 203(e) defines the term.

12. FLSA Collective Members qualify under §203(e), as they were hourly non-exempt employees, maintaining instrumentalities of interstate commerce, and doing so by handling materials which traveled through interstate commerce, such as tools, machinery, oils, lubricants, cranes, bucket trucks, parts and components related to bridge servicing and repair, cell phones, and other implements of interstate commerce, which had to be handled (used) to complete bridge

maintenance for FDI, OBAL and PORTER. FDI is an enterprise with more than $500,000 in annual business.

13. FDI is an enterprise engaged in interstate commerce, and an employer as defined by 29 U.S.C. §203(d)and (s)(1), in that it had employees handling materials used in interstate commerce, maintains instrumentalities of interstate commerce, and has more than $500,000 in annual gross business at all times material, hence its employees are subject to the FLSA, 29 U.S.C. §207.

14. During the Collective Action Period, Defendants failed to pay Plaintiff, and the other FLSA Collective Members, for all overtime hours worked in violation of the FLSA.

15. Plaintiff, and other FLSA Collective Members, are non-exempt employees under the FLSA, in that their work was hourly, they fall under the jurisdiction of the DOL and not the DOT, and the work requires no advanced degree, or expertise from years of experience, even if some have years of experience.

16. As part of their regular business practices, Defendants have intentionally, willfully, and repetitively harmed Plaintiff and other FLSA Collective Members by engaging in a pattern, practice and policy of violating the FLSA on a class wide basis. The acts were willful and knowledgeable because FLSA Class Members complained about the illegal pay practices of not paying for on call time.

17. Although the Defendants required the Plaintiff, and other FLSA Collective Members, to be on call and engaged (meaning they could not use the time for themselves that they were on call), twenty-four hours per-day, seven days per week, Defendants failed to pay overtime for this on call time.

18. The FLSA Collective Members all performed similar work to Plaintiff's, for similar compensation. Plaintiffs, and other FLSA Collective Members, all worked in non-exempt positions, specifically as bridge mechanics, and were subject to the same violations of the FLSA, regarding on call time.

19. The on-call time meant that the Plaintiff, and the FLSA Collective Members, all worked more than 40 hours per week, without overtime compensation. Plaintiff, and other FLSA Collective Members, were on duty actively working on bridges for 40 hours per week, but they were on call 24 hours per-day, seven days per week, without the ability to use the on- call time as they chose. Hence each class member on duty for a week of work and on call time was entitled to one-hundred-twenty-eight hours of unpaid overtime per-week.

20. The FLSA Collective Members are similarly situated, to Plaintiff, as they worked the unpaid on-call time in violation of the FLSA.

21. The FLSA Collective Members had similar job duties to Plaintiff, and each other.

22. The specific job titles or precise job responsibilities of the other FLSA Collective Members do not prevent collective treatment.

23. Plaintiff and other FLSA Collective Members are entitled to overtime compensation for their on-call time, which was uncompensated by the Defendants.

24. Although, the exact amount of damages may vary among the FLSA Collective Members, the damages can be easily calculated by formula. The claims of the FLSA Collective Members all arise from a common nucleus of operative facts. Liability is based on a systematic course of wrongful conduct that caused harm to all of the FLSA Collective Members.

25. The Defendants instituted, permitted, and/or required policies and practices that resulted in Plaintiffs, and other FLSA Collective Members, being deprived of wages they were

owed pursuant to the FLSA, including but not limited to overtime pay for all hours worked in excess of forty (40) in a workweek.

## CONDITIONS PRECEDENT, ATTORNEYS' FEES AND COSTS

26. The Plaintiff has retained Lubell Rosen, LLC., to represent them in this action and are obligated to pay reasonable attorney's fees and costs for services rendered.

27. All Conditions precedent to this action have occurred, been satisfied, or waived.

## COUNT I- VIOLATION OF THE FLSA AGAINST ALL DEFENDANTS

28. Plaintiff, individually, and on behalf of all of those similarly situated, realleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant OBAL was Plaintiff RICHARDSON'S direct supervisor and created the on-call scheduling, which is the FLSA violation at issue. Because OBAL authored the policy, which is violative of the FLSA, he acted as an employer and source of the FLSA violation. Hence, OBAL employed Plaintiff, and FLSA Collective Members.

30. Defendant PORTER was Defendant OBAL's supervisor and in control of the company, hence, could have corrected the violative policies at issue, and was informed by employees leaving the company that the violative policy was the reason they were leaving. Defendant PORTER is also an employer, as she had the ultimate power to alter the violative policy, was aware of same, and did not act to alter same, despite the ultimate authority to. Hence, PORTER was an employer of Plaintiff and FLSA Collective Members.

31. Defendants PORTER and OBAL, ran the day-to-day operations of the company affecting the Plaintiff, and FLSA Collective Members, also making them Employers of Plaintiff and the FLSA Collective Members.

32. This is an action against all three Defendants for willful violations of the FLSA, including 29 U.S.C. §§206, 207 et. seq.

33. From November 1, 2019 to present Plaintiff worked for the three Defendants continuously in excess of forty-hours per-week, specifically by working 128 hours per-week of unpaid on-call overtime.

34. During the entire length of the Plaintiff's employment with Defendants, Plaintiff was not paid overtime for the hours worked in excess of forty per-week, that Plaintiff worked, in violation of the FLSA.

35. The FLSA Collective Members worked at various times for the Defendants, during the Collective Action Period.

36. During the FLSA Collective Members' employment for FDI, the FLSA Collective Members were not paid for all hours worked in excess of 40 per-week, in violation of the FLSA's overtime requirement.

37. Defendants' actions were willful and purposeful, as they were well aware of the FLSA's requirement to pay overtime and for all hours worked, to non-exempt employees such as Plaintiff, and FLSA Collective Members.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable to Defendants or Plaintiff and the other FLSA Collective Members.

## **PRAYER FOR RELIEF**

Plaintiff and FLSA Collective Members, Pursuant to 29 U.S.C. § 216(b), pray this Court allow recovery from Defendants of:

(a) All unpaid overtime which is due;

(b) Compensation at time and a half, for all hours worked for which they were not compensated;

(c) An amount equal to the unpaid overtime owed as liquidated damages;

(d) The costs of this action; and

(e) Reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, and the FLSA Collective Members, demand a jury trial on all issues so triable.

Respectfully Submitted this 3rd Day of May 2021.

> LUBELL & ROSEN, LLC
> 200 S. Andrews Ave, Suite 900
> Fort Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   jhs@lubellrosen.com
>
> By: *s/Joshua H. Sheskin*
> Joshua H. Sheskin, Esquire
> Florida Bar No. 93028
> Joshua M. Bloom, Esquire
> Florida Bar No. 88559