UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH, FLORIDA

ROBERT RICHARDSON, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216,

      Plaintiffs,

v.      Case No. 9:21-cv-80803-DMM

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBEL &
LAURA PORTER,

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants Florida Drawbridges, Inc., d/b/a FDI Services ("FDI Services"), Eric Obel, and Laura Porter (collectively, "Defendants"), respectfully move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

## I.
## INTRODUCTION

Plaintiff claims that his employer, FDI Services, was required to pay him – and each member of a putative collective class – for 168 hours of work per week, *i.e.*, FDI Services needed to pay him as if he were working every minute of every day of every week. (ECF No. 1 ¶ 19.) However, he alleges no facts whatsoever that would support this bold claim. Instead, he merely recites, in conclusory language, that he and the members of the putative collective were "on call and engaged" and "could not use the time for themselves that they were on call[] twenty-four hours per-day, seven days per week." (*Id.* ¶ 17.) Put simply, Plaintiff has not come

close to including "enough facts to state a claim to relief that is plausible on its face" as is required to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, given very limited circumstances in which on-call time can be compensable under the Fair Labor Standards Act ("FLSA"), Plaintiff will not be able to plead facts that would make his allegation of entitlement to pay for every minute of every day plausible. Therefore, the Court should dismiss his Complaint with prejudice.

## II.
## ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief may be granted." To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In deciding a motion to dismiss, although the Court must accept well-pled facts as true, the Court need not accept as true mere legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Application of the *Iqbal/Twombly* standard is especially vital for collective action cases like this one, where the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559, 560 n.6.

When, as here, it appears from the face of the Complaint that plaintiffs cannot prove a set of facts that would entitle them to the relief they seek, the Court should dismiss the claim in its entirety. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## B. Plaintiff Has Not Pled Any Facts Supporting His Claim That He Is Entitled To Compensation For On-Call Time, Much Less Facts Sufficient To Make That Claim Plausible

Plaintiff's Complaint is bereft of any facts that support his claim that FDI Services needed to compensate him for alleged on-call time. Moreover, given the very limited circumstances in which on-call time is compensable, Plaintiff will not be able to allege any set of facts that make his claim plausible. Accordingly, the Court should dismiss Plaintiff's claim with prejudice.

Under the FLSA, employees only need to be compensated for "work." *E.g.*, *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014). "Whether a certain set of facts and circumstances constitute work for purposes of the FLSA is a question of law." *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992). With respect to on-call time in particular, "on-call time" is "work time" only if "'the time is spent predominately for the employer's benefit.'" *Id.* (quoting *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944)). In deciding whether on-call time is work time, courts examine factors that include:

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time.

*Lurvey v. Metropolitan Dade County*, 870 F. Supp. 1570, 1576 (S.D. Fla. 1994) (citing *Owens v. Loc. No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 351 (9th Cir. 1992)). The most crucial factors are whether there was an on-premises living requirement and whether the employee engaged in personal activities during the on-call time. *Lurvey*, 870 F. Supp. at 1583.

Plaintiff has not pled any ***facts*** showing that he or members of the putative collective were restricted in any way during the alleged on-call time, much less sufficient facts to make his

3

claim that such time was primarily for his employer's benefit plausible. Rather, Plaintiff has merely pled the legal conclusion that he and the putative collective should have been paid for 24 hours of work seven days a week:

> Although the Defendants required the Plaintiff, and other FLSA Collective Members, to be on call and engaged (meaning they could not use the time for themselves that they were on call), twenty-four hours per-day, seven days per week, Defendants failed to pay overtime for this on call time.

(ECF No. 1, ¶ 17.) Plaintiff's assertion of this bare legal conclusion is wholly inadequate to support his claim under *Iqbal/Twombly*. Accordingly, the Court should dismiss Plaintiff's Complaint.

Moreover, Plaintiff will not be able to allege facts sufficient to support the proposed conclusion that on-call time was "work time," *i.e.*, time "spent predominately for the employer's benefit." *Birdwell*, 970 F.2d at 807. In order for on-call time to be work time, "an employee's free time must be ***severely restricted*** for off-time to be construed as work time for purposes of the FLSA." *Id.* at 810 (emphasis added). In fact, courts have concluded as a matter of law that the following restrictions did not convert on-call time into work time:

- Detectives who "could not drink alcohol," could not leave home without an employee-purchased beeper or forwarding number, and "could have been called away at any moment" while on-call were not entitled to pay for on-call time. *Id.* at 808.

- Employee who "could not become intoxicated, was required to be reachable always by beeper, and was required to arrive at the hospital within approximately 20 minutes of being called" for eleven months straight was not entitled to pay during on-call time. *Id.* at 809 (citing *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 934 F.2d 671 (5th Cir. 1991) (en banc)).

- Employee who could not leave her home from 5:00 p.m. to 8:00 a.m. five nights per week so she could answer calls was not entitled to minimum wage or overtime for that time. *Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1187 (5th Cir.1989).

- Employees required "to remain near the company premises in case the company needed a driver" and to respond within 20 minutes of being called were not entitled to compensation for on-call time. *Birdwell*, 970 F.2d at 809 (citing *Norton v. Worthen Van Service, Inc.*, 839 F.2d 653 (10th Cir. 1988)).

4

- Employees who, when on-call, could not leave their homes, were called out .76 times per week, and needed to respond promptly to calls were not entitled to pay for such time. *Lurvey*, 870 F. Supp. at 1580-81, 1583.

- Employees who were required to "remain sober while on call," were called out up to .71 times per 24 hour on-call shift, and were to report to work within 15 minutes of being called were not entitled to pay for on-call time. *Largent v. E. Alabama Water, Sewer, & Fire Protection Dist.*, 330 F. Supp. 2d 1252, 1255, 1264 (M.D. Ala. 2004).

- Employee who could not drink alcohol while on call and needed to report to work within one hour of being called was not entitled to pay for on-call time. *Caiazza v. Marceno*, No. 18-CV-784, 2020 WL 5892019 (M.D. Fla. Oct. 5, 2020).

- Employees who were required to respond to pages within one hour and to return to work within 1.5 hours of being paged not entitled to pay for on-call time. *Taunton v. Genpak LLC*, 762 F. Supp. 2d 1338, 1341-42, 1353 (M.D. Ala. 2010).

In light of these cases and the underlying law, Plaintiff will be unable to plead any facts that would establish a claim that all of his time – literally, every minute of every day – was predominately for his employer's benefit. *Birdwell*, 970 F.2d at 807. *Bright* and *Lurvey* are particularly informative on this. In *Bright*:

> [T]he plaintiff was on-call throughout all of his off-duty time. During his off-duty time, he could not become intoxicated, was required to be reachable always by beeper, and was required to arrive at the hospital within approximately 20 minutes of being called. ***Not once during eleven months was Bright free from these restrictions***. No other employees shared his on-call duty. He took no vacation. He had no days off. While the Fifth Circuit acknowledged that Bright's job was undesirable and perhaps oppressive, it held that this on-call time was not working time under the FLSA.

*Birdwell*, 970 F.2d at 808-09 (favorably citing *Bright*) (citations omitted).

In *Lurvey*, the court found that plaintiffs were subject to geographic restrictions, had limited time to respond, and could not utilize pagers to free themselves to any significant degree. 870 F. Supp. at 1583. In fact, "Plaintiffs were, without exception, forbidden from using pagers to spend any significant time away from home." *Id.* at 1581. Nevertheless, the court concluded that, as a matter of law, plaintiffs' on-call time was not primarily for their employer's benefit and, therefore, was not compensable:

5

> More importantly, however, the two most crucial factors both favor Defendant's argument: Plaintiffs are able to spend their on-call time away from the employer's premises, and record evidence shows that they actually engage in a wide range of personal activities while on call. Despite their arguments to the contrary, deposition testimony reveals that bomb squad members were able to read, watch television, rent movies, spend time with family, and even hold part-time jobs or attend school away from their homes. Plaintiffs were required, as a general rule, to stay at home when on call. Nonetheless, the controlling precedent and the developing caselaw, when applied to the facts of this case, mandate a finding in favor of Defendant in this case.

*Id.* at 1583.

There is no set of facts Plaintiff could plead, within the bounds of Rule 11, that would make it plausible that Plaintiff was more restricted 24 hours per day seven days per week than plaintiffs in *Bright* or *Lurvey* such that all his off-duty time was primarily for the benefit of FDI Services. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

## III.
## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

DATED: June 1, 2021.

        Respectfully submitted,

        *s/ Peter W. Zinober*
        Peter W. Zinober
        Florida Bar No. 121750
        peter.zinober@ogletreedeakins.com
        Christopher Cascino
        Florida Bar No. 1022861
        chris.cascino@ogletreedeakins.com
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, Florida 33602
        Telephone: 813.289.1247
        Facsimile: 813.289.6530

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2021, I electronically filed the foregoing with the Court's CM/ECF system, which will serve a copy of this document to all counsel of record.

*/s/ Peter W. Zinober*
Attorney

47322169.1