UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80803-CIV-MATTHEWMAN

ROBERT RICHARDSON, JUAN GUZMAN,
and ADAM EURICH,

    Plaintiffs,

vs.

FLORIDA DRAWBRIDGES, INC., *et al.*,

    Defendants.

_____/

FILED BY____KJZ____D.C.

Jul 23, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## **ORDER ON DEFENDANTS' MOTION TO DISMISS [DE 24]**

THIS CAUSE is before the Court upon Defendants, Florida Drawbridges, Inc, d/b/a FDI Services ("FDI"), Eric Obel, and Laura Porter's (collectively, "Defendants") Motion to Dismiss [DE 24]. The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

    I. Background

On May 3, 2021, Plaintiff, Robert Richardson filed his Fair Labor Standards Act (FLSA) Complaint. [Compl., DE 1]. On May 24, 2021, Plaintiffs, Robert Richardson, Juan Guzman, and Adam Eurich ("Plaintiffs") filed their Fair Labor Standards Act Amended Complaint before any responsive pleading was filed. [Am. Compl., DE 11]. According to the allegations of the Amended Complaint, Plaintiff Richardson worked for FDI from October 29, 2019, through the present, Plaintiff Guzman worked from FDI from May 2020 through the present, and Plaintiff Eurich worked for FDI from November or December of 2020 through May of 2021. [Compl. ¶ 10-13]. Plaintiffs are bringing a collective action against FDI for unpaid overtime wages for similarly

situated employees who worked for Defendants at any time during the three-year period before the filing of the Amended Complaint through the present. *Id.* at ¶14.

Plaintiffs assert in the Amended Complaint that they and the others qualify under § 203 as they were

> hourly non-exempt employees, maintaining instrumentalities of interstate commerce, and doing so by handling materials which traveled through interstate commerce, such as tools, machinery, oils, lubricants, cranes, bucket trucks, parts and components related to bridge servicing and repair, cell phones, and other implements of interstate commerce, which had to be handled (used) to complete bridge maintenance for FDI, OBEL and PORTER.

[Compl. ¶ 17]. Plaintiffs also allege that Defendants required them, and other FLSA Collective Members, "to be on call and engaged (meaning they could not use the time for themselves that they were on call), twenty-four hours per-day, for slightly different numbers of days depending on the Plaintiff," but that Defendants failed to pay overtime for this on-call time. *Id.* at ¶ 23.

Next, the Amended Complaint alleges that Defendant Obel was Plaintiffs' direct supervisor and created the on-call scheduling, and thus he acted as an employer. [Compl. ¶ 35]. The Amended Complaint further states that Defendant Porter was Defendant Obel's supervisor and "in control of the company," so she too qualifies as an employer. *Id.* at ¶ 36. Finally, it alleges that, from November 1, 2019, to the present, Plaintiff Richard worked for Defendants "continuously in excess of forty-hours per-week, specifically by working 128 hours per-week of unpaid on-call overtime"; Plaintiff Eurich "worked every third weekend on-call, for all bridges in Palm Beach County" and "was on call twenty-four hours a day during the week, for the bridges assigned to him"; and Plaintiff Guzman was "on call one weekend per-month, but was also on call twenty-four hours per-day, during the week, for the bridges assigned to him." *Id.* at ¶¶ 39-41.

Plaintiff Eurich has also alleged retaliatory termination (Count II) in addition to the FLSA claim, but Defendants are not moving to dismiss the retaliatory termination count.

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint because Plaintiffs have alleged "no facts whatsoever" that support Plaintiffs' "bold claim" that FDI was required to pay them (and each member of a putative collective class) for "up to 168 hours of work per week, i.e., FDI Services needed to pay them for every minute of every day when they were on-call." [DE 24 at 1]. Defendants seek dismissal with prejudice because Plaintiffs "will not be able to plead facts that would make their allegation of entitlement to pay for every minute of every day of on-call time plausible." *Id.* at 2.

In response, Plaintiffs assert that Defendants are making arguments that should be heard at the summary judgment, and not at the motion to dismiss, stage. [DE 28 at 1-2]. Plaintiffs further assert that they have sufficiently alleged that they worked for Defendants, that FDI is an enterprise engaged in interstate commerce, and that Plaintiffs were not paid all of their overtime wages. *Id.* at 2. They maintain that, if the Court finds the Amended Counterclaim to be deficiently pled, the Court should still give them another chance to amend and add allegations as to the on-call time issue. *Id.* at 4, 7.

In reply, Defendants contend that "Plaintiffs filed to plead any ***facts*** to support their claim that they are entitled to pay for all of their on-call time." [DE 30 at 1]. Defendants also argue that Plaintiffs are applying the incorrect pleading standard for an FLSA case. *Id.* at 2-8.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

3

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

### III. Discussion

In relevant part, the FLSA provides that a covered employer shall not

> employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Accordingly, to state a claim for relief under the FLSA, a plaintiff must simply show "(1) he [was] employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay h[er] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 Fed. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.8 (11th Cir. 2008)). Defendants do not challenge the sufficiency of the Amended Complaint as to the first two elements. Rather, they argue that the Amended Complaint does not provide enough factual detail to support the contention that they failed to pay Plaintiffs overtime wages.

The Amended Complaint alleges the following paragraphs regarding Defendants' failure to pay overtime wages:

> 23. Although the Defendants required the Plaintiff, and other FLSA Collective Members, to be on call and engaged (meaning they could not use the time for themselves that they were on call), twenty-four hours per-day, for slightly different numbers of days depending on the Plaintiff, Defendants failed to pay overtime for this on call time.
>
> 25. The on-call time meant that the Plaintiff, and the FLSA Collective Members, all worked more than 40 hours per week, without overtime compensation. Plaintiff, and other FLSA Collective Members, were on duty actively working on bridges for 40 hours per week, but they were on call 24 hours per-day, five days per week, and, depending on the Plaintiff, every other, every third, or every weekend, without the ability to use the on-call time as they chose. Hence each class member, and Plaintiff, on duty for a week of work, and on call time during the weekend, was entitled to one-hundred-twenty-eight hours of unpaid overtime per-week. In a week in which Plaintiffs, or a class member was not on call during the weekend, he/she is entitled to eighty hours of overtime, per-week.
>
> 26. The FLSA Collective Members are similarly situated, to Plaintiff, as they all worked the unpaid on-call time in violation of the FLSA.
>
> 29. Plaintiff and other FLSA Collective Members are entitled to overtime compensation for their on-call time, which was uncompensated by the Defendants.
>
> 31. The Defendants instituted, permitted, and/or required policies and practices that resulted in Plaintiffs, and other FLSA Collective Members, being deprived of wages they were owed pursuant to the FLSA, including but not limited to overtime pay for all hours worked in excess of forty (40) per-workweek.
>
> 39. From November 1, 2019, to present Plaintiff, RICHARDSON, worked for the three Defendants continuously in excess of forty-hours per-week, specifically by working 128 hours per-week of unpaid on-call overtime. Plaintiff, RICHARDSON was not supposed to be on call every weekend, however, Plaintiff Richardson ended up on call most weekends, because he was a very capable worker.
>
> 40. Plaintiff, EURICH, worked every third weekend on-call, for all bridges in Palm Beach County. Plaintiff EUIRCH was on call twenty-four hours a day during the week, for the bridges assigned to him.
>
> 41. Plaintiff, GUZMAN, was on all one weekend per-month, but was also on call twenty-four hours per-day, during the week, for the bridges assigned to him.

5

> 42. During the entire length of the Plaintiffs' employment with Defendants, Plaintiffs were not paid for all overtime owed for hours worked in excess of forty per-week, which Plaintiffs worked, in violation of the FLSA.
>
> 44. During the FLSA Collective Members' employment for FDI, the FLSA Collective Members were not paid for all hours worked in excess of 40 per-week, in violation of the FLSA's overtime requirement.
>
> 46. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable to Defendants or Plaintiffs and the other FLSA Collective Members.

[Am. Compl.].

The Court notes that every single case relied on by Defendants in their Motion [DE 24 at 3-6] was decided after the motion to dismiss phase. Those cases all involve appeals of jury verdicts, judgments, and/or orders on motions for summary judgment. Thus, none of the case law cited by Defendants is completely applicable to the case at hand as no discovery has been conducted at this point.

However, the Court finds that the allegations in the Amended Complaint as to whether Defendants failed to pay Plaintiffs overtime compensation, and which entirely hinge on Plaintiffs' allegations that their on-call time was work time, are somewhat deficient. The relevant law states that "on-call time" is "work time" if "'the time is spent predominately for the employer's benefit.'" *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992) (quoting *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944)). Courts consider several factors, including, but not limited to, whether there were excessive geographical restrictions on the employee's movements, whether the frequency of calls was unduly restrictive, whether there was a fixed time limit for response that was unduly restrictive, whether the employee engaged in personal activities during on-call time, in determining whether on-call time is work time. *Lurvey v. Metropolian Dade Cty.*, 870 F. Supp., 1570, 1576 (S.D. Fla. 1994).

Thus, while the case at hand is only at the motion to dismiss stage, the Court does find that the Amended Complaint is violative of Rule 12(b)(6) as currently drafted and requires additional allegations to support Plaintiffs' on-call theory of their entitlement to overtime pay. The Court does not expect Plaintiffs to include every possible relevant fact, however, and is cognizant that this case is not at the summary judgment stage yet. Moreover, the Court finds that dismissal with prejudice would be wholly inappropriate here as amendment would not necessarily be futile.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 24] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that the Amended Complaint [DE 11] is **DISMISSED**. The Motion is denied to the extent that Defendants move the Court to deny Amended Complaint with prejudice; rather, the Amended Complaint is DISMISSED WITHOUT PREJUDICE, and Plaintiffs shall have until **August 11, 2021**, to file a second amended complaint that is in full compliance with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of July, 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge