**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH, FLORIDA**

**ROBERT RICHARDSON, Individually and**
**On Behalf of All Others Similarly Situated,**
**Pursuant to 29 U.S.C. §216,**

       **Plaintiffs,**

**v.**                                                    **Case No. 9:21-cv-80803**

**FLORIDA DRAWBRIDGES INC., d/b/a**
**FDI SERVICES, ERIC OBEL &**
**LAURA PORTER,**

       **Defendants.**
_____/

**ANTONIO RAMOS, Individually and On**
**Behalf of All Others Similarly Situated,**
**Pursuant to 29 U.S.C. §216.,**

       **Plaintiff,**

**v.**                                                    **Case No. 9:21-cv-80844-WM**

**FLORIDA DRAWBRIDGES INC., d/b/a**
**FDI SERVICES, ERIC OBEL & LAURA**
**PORTER,**

       **Defendants.**
_____ /

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF**
**<u>DOCUMENTS AND ANSWERS TO INTERROGATORIES</u>**

Defendants Florida Drawbridges, Inc., d/b/a FDI Services ("FDI Services"), Eric Obel, and Laura Porter (collectively, "Defendants"), hereby submit their motion to compel production of documents and answers to interrogatories from Plaintiffs Robert Richardson, Juan Guzman, Antonio Ramos, and Adam Eurich ("Plaintiffs").

## I.
## INTRODUCTION

Plaintiffs sued Defendants arguing that they are entitled to pay for between "24 hours per-day, five days per week" and 24 hours per-day, seven days per week. (ECF No. ¶ 25.) Even though Plaintiffs claim they are entitled to pay for such time, and after repeatedly arguing that the parties need a fully developed factual record for the Court to decide this issue (*e.g.* ECF No. 28 at 3-6; ECF No. 45 at 11-14), they are refusing to produce documents that would unquestionably provide evidence of what they were doing (and not doing) during the times they allege they should be paid for, and are also refusing to disclose the identities of third parties who also might have such information. They refuse to provide the information based on spurious objections that go to the admissibility and/or weight the requested documents or information might have at summary judgment or trial and not the discoverability of such documents or information.

Information about what Plaintiffs were doing during periods of time for which they claim entitlement to compensation is unquestionably relevant and, in fact, is central to this litigation. Defendants are, accordingly, entitled to documents that contain such information, as well as the identities of entities that house such information. The fact that the requested documents might be subject to multiple interpretations is irrelevant to whether Defendants are entitled to such documents – they are entitled to them, and the Court should order their production.

## II.
## ARGUMENT

**A. The Court Should Compel Plaintiffs To Produce Streaming Histories, Electronic Communications, And Internet Browsing Histories As They Reflect What Plaintiffs Did While On-call**

In this case alleging entitlement to pay for on-call time, the Court should compel Plaintiffs to produce documents requested by Defendants that contain information about what Plaintiffs did during such time.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Parties are entitled to the facts relevant to the litigation. *E.g., Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. 2002). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (referencing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Accordingly, discoverable information "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

As noted by the Court, in deciding whether on-call time is work time, courts consider, among other things, "whether the employee engaged in personal activities during on-call time." (ECF No. 38 at 6 (citing *Lurvey v. Metropolitan Dade Cty.*, 870 F. Supp., 1570, 1576 (S.D. Fla. 1994)). Therefore, documents containing information about what Plaintiffs did (and did not do) during on-call time are unquestionably relevant in "on-call" cases such as this one.

Plaintiffs have refused to provide three categories of documents that contain information about what Plaintiffs did during their on-call time, namely, (a) histories reflecting viewing activities on streaming services such as Netflix; (b) electronic communications made while on

call or read while on call; and (c) internet browsing histories.  (Ex. A; Ex. B at ¶¶ 4-6, 12-13.)
All provide information about whether Plaintiffs "engaged in personal activities during on-call
time" (ECF No. 38 at 6), and all of Plaintiffs' objections to said requests are spurious.

      **1.   Plaintiffs' Burdensomeness Objections Are Without Merit**

Plaintiffs' objection about burdensomeness in reviewing streaming histories,
communications, and internet histories is groundless.  Plaintiffs have pled that they were on-call
for extended periods of time lasting at least five days at a time with, at most, two day periods
intervening.  (ECF No. ¶ 25.)  Given this, there is no need to review every single such history or
communication to see if Plaintiffs were on call; they can be grouped by long periods.  For these
reasons, the Court should overrule the objections.

      **2.   Plaintiffs' Relevance Objection Is Without Merit**

Plaintiffs' objection that streaming histories and internet browsing histories might not
accurately reflect what Plaintiffs did because they also would reflect the activity of others in the
household is also without merit.  If Plaintiffs watched television or movies or browsed the
internet while on-call those facts would at the least weigh in favor of a finding that their on-call
time was not compensable.  *E.g.*, *Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1189 (5th Cir.
1989) ("The facts show that Halferty could visit friends, entertain guests, sleep, watch television,
do laundry, and babysit. We, therefore, conclude that she could use the time for her own
purposes and that she is not entitled to compensation for her idle time under the waiting to be
engaged doctrine.").  While the requested documents might reflect activity by others in the
household, they also will reflect Plaintiffs' activity, and Defendants are entitled to documents
reflecting Plaintiffs' activity.  Activity with others is still activity which is not compensable.

Relatedly, Plaintiffs' objection that electronic communications sent while Plaintiffs were on-call might reflect writing done prior to sending the communication is also groundless.  At the very least the communications reflect some activity done by Plaintiffs during the time Plaintiffs seek compensation, and therefore are discoverable.  Moreover, it is likely that Plaintiffs communicate with others about what they are and will be doing while on-call, making such communications relevant and probative for this additional reason.  Accordingly, the Court should overrule Plaintiffs' relevance objections.

### 3. <u>The Court Should Overrule Plaintiffs' Privacy Objections</u>

Plaintiffs' objection that the requested documents might infringe upon the privacy interests of third parties is easily dealt with.  Putting aside the fact that the blanket assertion of the privacy interests of third parties is improper under the rules, which require objections to be made "with specificity," Fed. R. Civ. P. 34(b)(1)(B), Defendants have agreed to enter into a protective order to ameliorate any such concerns.  For this reason, the Court should overrule Plaintiffs' privacy objections.

### 4. <u>The Court Should Overrule Plaintiffs' "Harassment" Objections</u>

Plaintiffs' "harassment" objections are without merit.  It was Plaintiffs who decided to bring a lawsuit claiming that they should have been paid for between "24 hours per-day, five days per week" and 24 hours per-day, seven days per week.  (ECF No. ¶ 25.)  Defendants simply seek documents that are probative of what Plaintiffs did during the time for which they seek payment, and such documents are unquestionably relevant to answering one of the critical questions in this case, namely, "whether [Plaintiffs] engaged in personal activities during on-call time."  (ECF No. 38 at 6.)  Further, Defendants, as they have no interest in harassing or

embarrassing Plaintiffs, have agreed to enter into a protective order to assuage any such concerns.  Accordingly, the Court should overrule the "harassment" objections.

Finally, Defendants would point out that the Plaintiffs cannot get around production of documents through, for instance, deposition testimony.  Defendants observe that there are some inconsistencies between Plaintiffs' written discovery responses and document production.  For instance, Plaintiff Ramos claims he did not use any ridesharing apps while on-call, but his document production reflects an Uber trip on December 24, 2019.  (Ex. B at 5; Ex. D.)  While Ramos may or may not have been lying, memories are imperfect, which is one of the many reasons the rules require document production and Defendants seek production of these documents.  For these reasons, the Court should compel their production.

## B. The Court Should Compel Plaintiffs To Answer Interrogatories Identifying Custodians Of Relevant Documents

For the same reasons the Court should compel production of documents the Court should compel Plaintiffs to identify their internet service providers and streaming service providers so that Defendants can seek relevant information from such providers, if necessary.  (*See* Ex. C.)

## III.
## CONCLUSION

For the foregoing reasons, the Court should compel production of (a) histories reflecting viewing activities on streaming services such as Netflix while on-call; (b) electronic communications made while on call or read while on call; and (c) internet browsing histories from the time Plaintiffs were on-call, as well as the identities of internet service providers and streaming service providers that have such information.

DATED:  November 24, 2021.

Respectfully submitted,

*/s/ Peter W. Zinober*
Peter W. Zinober
Florida Bar No. 121750
peter.zinober@ogletreedeakins.com
Christopher M. Cascino
Florida Bar No. 1022861
chris.cascino@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone: 813.289.1247
Facsimile:  813.289.6530
*Attorneys for Defendants*

## CERTIFICATE OF CONFERRAL

The undersigned certifies that on November 17, 2021, counsel for Defendants e-mailed counsel for Plaintiffs to confer regarding production of the foregoing documents and information.  Counsel for Plaintiffs responded on November 22, 2021, declining to provide said documents and information.  Counsel for Defendants responded on November 23, 2021, with an e-mail seeking a telephonic conferral or an extension of the deadline to file a motion to compel to allow for a telephonic conferral.  Counsel for Defendants have not yet received a response to that request.

*/s/ Peter W. Zinober*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2021, I electronically filed the foregoing with the Court's CM/ECF system, which will serve a copy of this document to all counsel of record.

*/s/ Peter W. Zinober*
Attorney

6