# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ANTONIO RAMOS, Individually and On
Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216.,

     Plaintiff,

v.

                                 Case No. 9:21-cv-80844-WM

FLORIDA DRAWBRIDGES INC., d/b/a FDI
SERVICES, ERIC OBEL & LAURA
PORTER,

     Defendants.

_____ /

ROBERT RICHARDSON, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216,

     Plaintiffs,

v.                                  Case No. 9:21-cv-80803

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBEL &
LAURA PORTER,

     Defendants.

_____/

## DEFENDANT FLORIDA DRAWBRIDGES INC., D/B/A FDI SERVICES'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 33, Defendant, FLORIDA DRAWBRIDGES INC., d/b/a FDI

SERVICES ("Defendant"), hereby requests that Plaintiffs, ANTONIO RAMOS, ROBERT

RICHARDSON, JUAN GUZMAN, and ADAM EURICH ("Plaintiffs") produce the documents

described below at the office of Defendant's counsel at Ogletree, Deakins, Nash, Smoak &

Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 within thirty (30) days after

service of this request.  In producing said documents, Plaintiffs shall identify them to correspond with the categories enumerated in this request under the Federal Rules of Civil Procedure.  This is a continuing request.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

**A.      As used herein, the words and phrases set out below shall have the following meaning:**

1.      The terms "Plaintiffs," "you" and "your" (and the plural thereof) refer without limitation to Plaintiff ANTONIO RAMOS, ROBERT RICHARDSON, JUAN GUZMAN, and ADAM EURICH, your attorneys and agents, and all persons acting on your behalf, during this case, administrators, successors, agents and assigns, or any other person acting for, or purportedly acting on his/her behalf of or in concert with Plaintiff.

2.      "Defendant" shall mean FLORIDA DRAWBRIDGES INC., d/b/a FDI SERVICES, its successors, employees, agents and assigns, or any other person or entity acting for, or purportedly acting on behalf of or in concert with Defendant, including but not limited to Defendants Eric Obel and Laura Porter.

3.      As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

4.      As used herein, "agent" means any person who acts for, or in the place of, another, by authority from the other, any employee, officer, director, attorney, independent contractor, anyone trusted with the business of another, or any other person acting at the direction of or on behalf of another.

5.      "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

6.      "Document" or "documents" shall have the same meaning as in Fed. R. Civ. P. 34 and shall also mean and include without limitation (1) all writings of any kind, including correspondence, memoranda, notes, diaries, contract, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, mechanical or electrical records or representations of any kind, including e-mail, tapes, cassettes, disks and recordings.  This definition covers all such documents so defined in your possession and/or control that are known by you to exist.

7.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, provides, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.    The term "action" shall mean the case, Antonio Ramos v. Florida Drawbridges Inc., D/b/a FDI Services, et al. Case No. 21-cv-80844, and Robert Richardson, et al. v. Florida Drawbridges Inc., D/b/a FDI Services, et al. Case No. 21-cv-8083, pending in the United States District Court for the Southern District of Florida.

10.    The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and the addressee to each other.

**B.     In Construing This Request:**

1.    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

2.    "Date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

3.    If you object to the scope or time period of a document request and refuse to answer for that scope or time period, state your objection and produce documents for the scope or time period you believe is appropriate.

4.    In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, each of the requests for production of documents shall be deemed to be continuing in nature, and Plaintiff is under a duty to reasonably amend and/or supplement his/her responses hereto.

5.    In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, the documents shall be labeled to correspond with the following requests by number.

**C.     Claims of Privilege:**

All objections or answers to any Request for Production which fail or refuse to respond, in whole or part, on the ground of any claim of privilege of any kind shall, in accordance with Fed. R. Civ. P. 26:

1.    Identify the nature of the claim of privilege;

2.    State all facts relied upon in support of the claim of privilege or related thereto;

3.      Identify all documents related to the claim of privilege by (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other;

4.      Identify all persons having knowledge of any facts related to the claim of privilege; and

5.      Identify all events, transactions, or occurrences related to the claim of privilege.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## <u>REQUESTS FOR PRODUCTION</u>

1.     All credit and debit card statements showing purchases you made while you were on call.

2.     All receipts showing purchases you made while on call.

3.     All telephone records showing telephone calls made or received by you while you were on call.

4.     All text messages sent or read by you while you were on call.

5.     All e-mails sent or read by you while you were on call.

6.     All other electronic messages sent or read by you while you were on call.

7.     All pictures taken by you while you were on call.

8.     All screenshots taken by you while you were on call.

9.     All pictures of you taken while you were on call.

10.     All videos taken by you while you were on call.

11.     All videos taken of you while you were on call.

12.     All internet history(ies) showing websites you visited while on call.

13.     All movie or television histories showing movies or television programs you watched while on call, including but not limited to histories from Netflix, Hulu, Amazon Prime, YouTube, HBO Max, Peacock, Disney Plus, and Paramount Plus.

14.     All social media posts, comments, likes, and similar activity made by you while you were on call.  The term "social media" includes, but is not limited to, Facebook, Instagram, LinkedIn, Twitter, TikTok, Pintrest, YouTube, WhatsApp, and Reddit.

15.     All social media posts, comments, likes, and similar activity that refer to Defendant or your employment with Defendant.

16.     All event tickets, including but not limited to concert tickets, movie tickets, theater tickets, and tickets to sporting events, for events you attended while on call.

17.     All tickets to enter particular locations, including but not limited to tickets to enter theme parks or state parks, that you used while on call.

18.     All transportation tickets, including but not limited to airplane, train, bus, or boat tickets, you used while on call.

19.     All credit and debit card statements showing purchases of event tickets, including but not limited to concert tickets, movie tickets, theater tickets, and tickets to sporting events, for events you attended while on call.

20.     All credit and debit card statements showing purchases of tickets to enter particular locations, including but not limited to tickets to enter theme parks or state parks, that you used while on call.

21.     All credit and debit card statements showing purchases of transportation tickets, including but not limited to airplane, train, bus, or boat tickets, you used while on call.

22.     All ridesharing records reflecting rides you took while on call, including but not limited to rides taken on Uber and Lyft.

23.     All billing statements, including but not limited to toll billing statements, physician billing statements, and dentist billing statements that reflect your activities while you were on call.

24.     All text messages, e-mails, or other electronic messages referencing your activities while you were on call.

25.     All text messages, e-mails, or other electronic messages asking you to perform work while on call.

26.     All text messages, e-mails, or other electronic messages in which you respond to a request to perform work while on call.

27.     All text messages, e-mails, or other electronic messages in which you asked not to be on call, and all responses to such messages.

28.     All text messages, e-mails, or other electronic messages in which you stated that you were unable or unwilling to respond to a request to perform work while you were on call, and all responses to such messages.

29.     All calendar entries referencing your activities while on call.

30.     All credit and debit card statements showing purchases of alcoholic beverages you consumed while you were on call.

31.     All receipts showing purchases of alcoholic beverages you consumed while you were on call.

32.     All paycheck stubs reflecting any wages earned by you while employed with Defendant.

33.     All documents that you sent to, or received from, any government agency in relation to any allegation that is contained in the Complaint.

34.     All statements, affidavits, diaries, notes or other documents from any potential witness or third-party, including Plaintiff, concerning the allegations in the Complaint concerning Defendant's alleged liability for unpaid overtime or minimum wages under the Fair Labor Standards Act or Florida law, including any alleged liability for a "willful" violation of the law and liquidated damages.

35.     All documents reflecting any complaints you made to any employee or agent of Defendant concerning your wages, hours, working conditions, terms and conditions of

employment or other job-related issues, and any response(s) you received from any employee or agent of Defendant, if any.

36.     All documents reflecting any complaints made by any other employee of Defendant to any agent or employee of Defendant concerning wages, hours, working conditions, terms and conditions of employment or other job-related issues, and any response(s) received from any employee or agent of Defendant, if any.

37.     All statements, affidavits, interview notes, meeting notes, audio or video tape recordings, and handwritten or typewritten notes received from or taken from any person (including any former or current employees of Defendant) taken in connection with this action.

38.     Any release, settlement agreement, or severance agreement which limits, reduces, or extinguishes the actual and/or potential liability of any party to this matter.

39.     All documents given to you by Defendant or taken from Defendant by you.

40.     Any reports or documents prepared by any expert whom you expect to call as a witness in this case or whom you have consulted with in connection with this case.

41.     All documents, other than attorney-client communications, reflecting that Adam Eurich went to an attorney as alleged in Paragraph 50 of the *Richardson* Complaint.

42.     All documents showing that Defendant knew Adam Eurich went to an attorney's office as alleged in Paragraph 53 of the *Richardson* Complaint.

43.     The "company phone" referenced in Paragraph 53 of the *Richardson* Complaint.

Dated:  September 23, 2021                    Respectfully submitted,

                                              /s/ Christopher M. Cascino
                                              Peter W. Zinober
                                              Florida Bar No. 121750
                                              Christopher M. Cascino
                                              Florida Bar No. 1022861
                                              OGLETREE, DEAKINS, NASH, SMOAK &
                                                  STEWART, P.C.
                                              100 North Tampa Street, Suite 3600
                                              Tampa, Florida  33602
                                              Telephone:  813.289.1247
                                              Facsimile:  813.289.6530
                                              peter.zinober@ogletree.com
                                              chris.cascino@ogletree.com

                                              *Attorneys for Defendant FLORIDA
                                              DRAWBRIDGES INC., d/b/a FDI SERVICES*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 23, 2021, I served the foregoing via electronic

mail and U.S. Mail to the following:

Joshua H. Sheskin
Joshua M. Bloom
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301
Telephone:  954.880.9500
Facsimile:  954.755.2993
*Attorneys for Plaintiffs*


                                              /s/ Christopher M. Cascino
                                              Attorney


                                                                    48645815.1

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ANTONIO RAMOS, Individually and On
Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216.,

      Plaintiff,

v.                                                                   Case No. 9:21-cv-80844-WM

FLORIDA DRAWBRIDGES INC., d/b/a FDI
SERVICES, ERIC OBEL & LAURA
PORTER,

      Defendants.

_____ /

ROBERT RICHARDSON, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216,

      Plaintiffs,

v.                                                                   Case No. 9:21-cv-80803

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBEL &
LAURA PORTER,

      Defendants.

_____/

**<u>DEFENDANT FLORIDA DRAWBRIDGES INC., D/B/A FDI SERVICES'S
FIRST SET OF INTERROGATORIES TO PLAINTIFFS</u>**

Pursuant to Fed. R. Civ. P. 33, Defendant, FLORIDA DRAWBRIDGES INC., d/b/a FDI

SERVICES, propounds the following Interrogatories upon Plaintiffs, ANTONIO RAMOS,

ROBERT RICHARDSON, JUAN GUZMAN, and ADAM EURICH ("Plaintiffs"), and requests

that they be answered separately, fully, and under oath and within thirty (30) days of service.  If

the following Interrogatories cannot be answered in full, state an answer to the extent possible,

specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the details of such qualifications. These Interrogatories shall be deemed to be continuing in the manner provided by law.

## DEFINITIONS AND INSTRUCTIONS

**A.      As used herein, the words and phrases set out below shall have the following meaning:**

1.      The terms "Plaintiff," "you" and "your" (and the plural thereof) refer without limitation to Plaintiffs ANTONIO RAMOS, ROBERT RICHARDSON, JUAN GUZMAN, and ADAM EURICH, your attorneys and agents, and all persons acting on your behalf, during this case, administrators, successors, agents and assigns, or any other person acting for, or purportedly acting on his/her behalf of or in concert with Plaintiff.

2.      "Defendant" shall mean FLORIDA DRAWBRIDGES INC., d/b/a FDI SERVICES, its successors, employees, agents and assigns, or any other person or entity acting for, or purportedly acting on behalf of or in concert with Defendant, including but not limited to Defendants Eric Obel and Laura Porter.

3.      As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

4.      As used herein, "agent" means any person who acts for, or in the place of, another, by authority from the other, any employee, officer, director, attorney, independent contractor, anyone trusted with the business of another, or any other person acting at the direction of or on behalf of another.

6.      "Document" or "documents" shall have the same meaning as in Fed. R. Civ. P. 34 and shall also mean and include without limitation (1) all writings of any kind, including correspondence, memoranda, notes, diaries, contract, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, mechanical or electrical records or representations of any kind, including e-mail, tapes, cassettes, disks and recordings. This definition covers all such documents so defined in your possession and/or control that are known by you to exist.

8.      The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.      The term "action" shall mean the cases Ramos v. Florida Drawbridges Inc., D/b/a FDI Services, et al. Case No. 21-cv-80844, and Robert Richardson, et al. v. Florida Drawbridges Inc., D/b/a FDI Services, et al. Case No. 21-cv-8083, pending in the United States District Court for the Southern District of Florida.

10.      The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and the addressee to each other.

**B.      In Construing These Interrogatories:**

1.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

2.      "Date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

3.      If you object to the scope or time period of a document request and refuse to answer for that scope or time period, state your objection and produce documents for the scope or time period you believe is appropriate.

4.      In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, each of the requests for production of documents shall be deemed to be continuing in nature, and Plaintiff is under a duty to reasonably amend and/or supplement his/her responses hereto.

5.      In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, the documents shall be labeled to correspond with the following requests by number.

**C.      Claims of Privilege:**

All objections or answers to any Request for Production which fail or refuse to respond, in whole or part, on the ground of any claim of privilege of any kind shall, in accordance with Fed. R. Civ. P. 26:

1.      Identify the nature of the claim of privilege;

2.      State all facts relied upon in support of the claim of privilege or related thereto;

3.      Identify all documents related to the claim of privilege by (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other;

4.      Identify all persons having knowledge of any facts related to the claim of privilege; and

5.      Identify all events, transactions, or occurrences related to the claim of privilege.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## <u>INTERROGATORIES</u>

1.      Please identify all persons who you believe have any knowledge of any of the facts and circumstances surrounding the events set forth or alleged in Plaintiff's Complaint, any aspect of Plaintiff's claims, or of the damages sought in the Complaint, and state the facts or circumstances that are known by each person.

**<u>ANSWER:</u>**

2.      Please identify each person (aside from your legal counsel) with whom you have communicated about the subject matter of this action, including, but not limited to, each employee of Defendant to whom you complained regarding the subject matter of this action and anyone with whom you have communicated or attempted to communicate regarding the subject matter of this action.

**<u>ANSWER:</u>**

3.      Please identify each internet service provider used by you during the time you were employed by Defendant.

**ANSWER:**

4. Please identify, by date and time, each instance where Defendant asked you to work while you were on call, and state your response to each such request.

**ANSWER:**

5.      Please identify each of your cellular telephone providers during the time period you worked for Defendant and the telephone number associated with each such provider.

**ANSWER:**

6.     Please identify issuer of a credit or debit card possessed by you during the time you worked for Defendant.

**<u>ANSWER:</u>**

7.      Identify with specificity each and every occasion that you reported to or discussed with Defendant your contention or belief that you had not been paid compensation or overtime to which you believe you were entitled.

**<u>ANSWER:</u>**

8.      Please identify each family member, friend, person with whom you had a dating relationship, and acquaintance you interacted with while you were on call and state the frequency of such interactions with each such individual.

**ANSWER:**

9.      Please identify each social media site, including but not limited to Facebook, Instagram, LinkedIn, Twitter, TikTok, Pintrest, YouTube, WhatsApp, and Reddit, used by you during the time you worked for Defendant and identify your username or handle for each such site.

**<u>ANSWER:</u>**

10.    Please identify each internet-based entertainment source you subscribe to, including but not limited to Netflix, Hulu, Amazon Prime, YouTube, HBO Max, Peacock, Disney Plus, and Paramount Plus.

**ANSWER:**

11.    Have you ever been convicted of, or pled guilty or no contest to, any crime?  Yes
_____ No _____. If yes, please state for each arrest, charge or conviction:

    (a)    the crime or crimes;

    (b)    the date of the conviction or plead;

    (c)    the country, state, county and locality in which the conviction or plea
occurred;

    (d)    the disposition of the arrest, charge or conviction, including any penalty
received.

**ANSWER:**

12.     Please provide a detailed breakdown of all damages to which you claim you are entitled in this Lawsuit by specifically setting forth the amount of damages you are seeking and detailed computation or calculation used to arrive at such damages.

**ANSWER:**

13.     Identify each restaurant, including fast food restaurant, at which you ate or from which you ordered food while on call, including when you went to or ordered food from the restaurant, who you went with to the restaurant, and whether you were able to eat ordered food without interruption from Defendant.

**<u>ANSWER:</u>**

14.     Identify each individual you lived with during the time you were employed by Defendant.

**ANSWER:**

15.     Identify each movie you saw in a movie theater while you were on call, including the location of the theater, name of the movie, date of the movie, and person(s) with whom you saw the movie, and state whether you stayed to the end of the movie.

**ANSWER:**

16.     Identify each sporting event – including you sports – you attended while on call, including the teams or individuals playing and the date of the event.

**ANSWER:**

17.    Please state the name and address of each and every person, other than your attorneys, that assisted in any way with answering these Interrogatories on your behalf, and specify as to which answer(s) each individual assisted or contributed.

**ANSWER:**

Dated:  September 23, 2021                    Respectfully submitted,

*/s/ Christopher M. Cascino*
Peter W. Zinober
Florida Bar Number: 121750
Christopher M. Cascino
Florida Bar Number: 1022861
OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
peter.zinober@ogletreedeakins.com
chris.cascino@ogletree.com

*Attorneys for Defendant FLORIDA*
*DRAWBRIDGES INC., d/b/a FDI SERVICES*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 23, 2021, I served the foregoing via electronic

mail and U.S. Mail to the following:

Joshua H. Sheskin
Joshua M. Bloom
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301
Telephone:  954.880.9500
Facsimile:  954.755.2993
*Attorneys for Plaintiffs*

/s/ Christopher M. Cascino
Attorney

## <u>VERIFICATION</u>

STATE OF _____)
                                              )
COUNTY OF _____)

       BEFORE ME, the undersigned authority, personally appeared ANTONIO RAMOS, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is personally known to me or has produced _____ as identification, and who did take an oath, and swears under penalty of perjury that the foregoing is true and correct.

       WITNESS my hand and official seal this _____ day of _____, 2021.

                             _____
                             Signed Name of Notary Public

                             _____
                             Printed Name of Notary Public

                             My Commission Expires: _____

                             Commission Number: _____

Dated:  September 23, 2021                Respectfully submitted,

                                          */s/ Christopher M. Cascino*
                                          Peter W. Zinober
                                          Florida Bar No. 121750
                                          Christopher M. Cascino
                                          Florida Bar No. 1022861
                                          OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.
                                          100 North Tampa Street, Suite 3600
                                          Tampa, Florida  33602
                                          Telephone:  813.289.1247
                                          Facsimile:   813.289.6530
                                          peter.zinober@ogletree.com
                                          chris.cascino@ogletree.com

                                          *Attorneys for Defendant FLORIDA
                                          DRAWBRIDGES INC., d/b/a FDI SERVICES*

### CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on September 23, 2021, I served the foregoing via electronic

mail and U.S. Mail to the following:

Joshua H. Sheskin
Joshua M. Bloom
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301
Telephone:  954.880.9500
Facsimile:  954.755.2993
*Attorneys for Plaintiff*

                                          */s/ Christopher M. Cascino*
                                          Attorney

                                                         48645840.1

24