UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 21-cv-80803-Matthewman

ROBERT RICHARDSON, Individually and on
Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. § 216,

    Plaintiff,

vs.

FLORIDA DRAWBRIDGES INC. d/b/a
FDI SERVICES, ERIC OBEL, and LAURA
PORTER,

    Defendants.
_____/

## ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT [DE 62], APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon Plaintiffs, Robert Richardson, Juan Guzman, Antonio Ramos, and Adam Eurich ("Plaintiffs") and Defendants, Florida Drawbridges, Inc, d/b/a FDI Services, Eric Obel, and Laura Porter's ("Defendants") (collectively, "the parties") Joint Motion for Approval of Settlement Agreement ("Motion") [DE 62].[1] In the Motion, the parties seek an Order approving their settlement, dismissing this action with prejudice, and retaining jurisdiction to enforce the terms of the Settlement Agreement. *Id.* The parties also submitted for *in camera* review the fully executed Settlement Agreement and Release.

The Court held a fairness hearing via Zoom video teleconference (VTC) on July 11, 2022, during which the Court heard from the parties' counsel regarding the fairness of the settlement of

---

[1] An identical motion was filed in the case of *Ramos, et al., v. Florida Drawbridges Inc., et al.*, 21-cv-80844-WM, as the two cases were settled together.

1

Plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. All parties' counsel represented that the settlement is fair and reasonable and that Plaintiffs and Defendants are in agreement with the terms of the settlement.

The Court has reviewed the Motion, the Settlement Agreement, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiffs are being paid an amount they believe they are owed well prior to the trial date. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement reached by the parties represents a reasonable, arm's length compromise by both sides and is fair and reasonable. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiffs' FLSA claims to be fair and reasonable. The Court also finds that the settlement meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Motion [DE 62] is **GRANTED**.
2. The parties' settlement is **APPROVED**.
3. The Court retains jurisdiction to enforce the terms of the parties' Settlement Agreement should such enforcement become necessary.
4. The parties agree that Plaintiffs' counsel are entitled to reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), which will be negotiated or determined by the Court as provided in Local Rule 7.3.
5. The above-style action is **DISMISSED WITH PREJUDICE**.
6. All remaining pending motions are **DENIED AS MOOT**.

7. The Clerk of Court is directed to administratively **CLOSE** this case, although the Court will hear any future motions for attorneys' fees and costs filed in a timely manner in accordance with our local rules.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 11th day of July, 2022.

_/s/ William Matthewman_
WILLIAM MATTHEWMAN
United States Magistrate Judge