UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80803-MATTHEWMAN

ROBERT RICHARDSON,
JUAN GUZMAN, and ADAM EURICH,
individually, collectively, and on
behalf of all others similarly situated,
pursuant to 29 U.S.C. § 216,

    Plaintiffs,

v.

FLORIDA DRAWBRIDGES INC.,
d/b/a FDI SERVICES, *et al.*,

    Defendants.
_____/

FILED BY KJZ D.C.

Aug 16, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' UNOPPOSED MEMORANDUM IN SUPPORT OF BILL OF COSTS [DE 66]**

**THIS CAUSE** is before the Court upon Plaintiffs, Robert Richardson, Juan Guzman, and Adam Eurich's (collectively, "Plaintiffs") Unopposed Memorandum in Support of Bill of Costs ("Motion") [DE 66].

### I.     BACKGROUND

In the instant action, Plaintiffs sought unpaid overtime wages under the Fair Labor Standards Act in Count I of their Second Amended Complaint, including reasonable attorneys' fees and costs. [DE 41]. Within the Second Amended Complaint, Plaintiff Adam Eurich also sought lost wages, certain other damages, and reasonable attorneys' fees and costs in connection with his claim for retaliation. *Id.* On July 6, 2022, the parties reached a settlement and filed their Joint Motion for Approval of Settlement Agreement with the Court. [DE 62]. Thereafter, on July

1

11, 2022, the Court held a fairness hearing via Zoom video teleconference during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiffs' claims. [DE 64]. That same day, the Court entered its Order Granting the Parties' Joint Motion for Approval of Settlement Agreement and Dismissing this Action with Prejudice. [DE 65].

Pursuant to the Settlement Agreement and this Court's Order approving the settlement, "Plaintiffs' counsel are entitled to reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), which will be negotiated or determined by the Court as provided in Local Rule 7.3." [DE 65 at 2]. Thus, there is no question that Plaintiffs are entitled to costs pursuant to 28 U.S.C. §1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 73(c). Further, Florida Drawbridges Inc. d/b/a FDI Services, Laura Porter, and Eric Obel ("Defendants") have agreed to the costs Plaintiffs seek in their Motion. *See* DE 66 at 8.

## II. LITIGATION EXPENSES AND COSTS

Plaintiffs request a total of $1,388.18 in costs and specifically seeks the following costs: (1) $402.00 in fees of the clerk; (2) $240.00 in fees for service of summons and subpoena; and (3) $746.18 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. [DE 53-1]. In their Motion, Plaintiffs generally describe the nature of the costs sought to be recovered and the reasons why those costs were incurred. [DE 66 at 1–8]. Even though the Motion is unopposed, the Court has an independent duty to only award costs which are lawful and justified under federal law.[1]

---

[1] *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC*

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Plaintiffs are the prevailing party, as evidenced by the terms of the Settlement Agreement and the Court's July 11, 2022 Order [DE 65].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

v. *W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

B. <u>Analysis</u>

1. *Fees of the Clerk*

Plaintiffs seek $402.00 in fees of the Clerk. [DE 53 at 3]. This constitutes the $402.00 fee for filing Plaintiffs' Complaint. The $402.00 filing fee clearly falls within the scope of section 1920(1). Thus, the Court will award Plaintiffs $402.00 in fees of the Clerk.

2. *Service of Process of Subpoenas*

Plaintiffs seek $240.00 in fees for service of process for both the initial and First Amended Complaint to the three defendants with a private process service. [DE 53 at 4]. 28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *EEOC. v. W&O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3).

Plaintiffs have provided the invoices for service of the summonses in connection with both the initial and First Amended Complaint to the three defendants. [DE 66-1]. The private process service charged $40 per defendant. This is less than the rate charged by the U.S. Marshal. Thus, the Court will award Plaintiffs $240.00 in fees for service of summonses.

3. *Deposition and Transcription Fees*

Plaintiffs seek to recover $746.18 in deposition and transcription costs for depositions. [DE 66 at 5]. According to the Motion and attached invoices, these fees are related to the depositions

4

of Laura Porter and John Matthews, FDI's corporate representative. Plaintiffs explain that "[s]ince this Court ordered that discovery be consolidated between this instant action and the action styled, *ANTONIO RAMOS, Individually and On Behalf of All Others Similarly Situated, Pursuant to 29 U.S.C. §216 v. FLORIDA DRAWBRIDGES INC., d/b/a FDI SERVICES, ERIC OBEL & LAURA PORER*, case no. 9:21-cv-80844," Plaintiffs have "split the deposition and deposition transcripts costs in half between the two actions." *Id.* at 5. The Court finds that this 50-50 split is appropriate given that the Court did, in fact, consolidate discovery in the two cases.

However, while the Court has determined that a 50-50 split is appropriate in this case, the Court must still determine the propriety of Plaintiffs' request for deposition and deposition transcription costs. The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Here, it does appear that Plaintiffs reasonably believed that the transcripts were necessarily obtained for use in this case. The depositions were taken in April 2022. The case had not yet settled, and the dispositive motion deadline was approaching.

Further, while the Court does generally find that Plaintiffs are entitled to recover the court reporter attendance fees and transcript costs, the Court finds that the invoices from the court reporters contain certain fees that are not recoverable. Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No.

5

08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Moreover, section "1920(2) allows for the taxation of "fees for printed *or* electronically recorded transcripts." 28 U.S.C. § 1920(2) (emphasis added). "[T]he statute is written in the disjunctive and does not allow for the taxation of the printed *and* electronic version of the same transcript." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017).

Here, Plaintiffs have not shown that the fees for copying and scanning exhibits; the exhibit storage fees; the litigation support packages; or the electronic processing/archival/delivery fees were necessary or proper. Therefore, the Court will deduct $87.80 from the fees incurred for Laura Porter's deposition transcript and $75.20 from the fees incurred for John Matthew's deposition transcript. This total deduction of $163.00 must then be split in half as Plaintiffs are only seeking half of the deposition-related fees in this specific case and half in the *Ramos* case. This results in a total deduction of $81.50 from the fees sought by Plaintiffs.

Based on the foregoing, the Court finds Plaintiffs are entitled to $664.68 in deposition-related fees, and will award Plaintiffs such amount.

### III. CONCLUSION

In light of the foregoing, Plaintiffs' Motion [DE 66] is **GRANTED IN PART and DENIED IN PART**. Plaintiffs are entitled to $1,306.68 in taxable costs. A judgment in this

amount, along with post-judgment interest, will be separately entered in favor of Plaintiffs and against Defendants.

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of August 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge